### LEE v. BURWELL.

(Court of Appeals of District of Columbia. Submitted February 7, 1921. Decided June 6, 1921.)

#### No. 3477.

Landlord and tenant ⬅︎278½, New, vol. 11A Key-No. Series—Lessee's affidavit of defense held sufficient.

In summary proceedings between a landlord and tenant, an affidavit of defense by the tenant, denying that the landlord was a bona fide purchaser of the premises for her own use and occupancy as a home, and alleging that she conspired with the former owner to aid him in securing possession of the property, and that the tenant had rented the property from the United States Housing Corporation for a period not yet expired, and had received no notice from the Housing Corporation to vacate, states a sufficient defense under the nineteenth rule to justify the submission of the case to a jury.

Appeal from the Supreme Court of the District of Columbia.

Landlord and tenant proceeding by Maud E. Lee against Martha Burwell. From a judgment of the Supreme Court, on appeal from the municipal court, holding the affidavit of defense sufficient to present an issue to be tried by a jury, the landlord appeals. Judgment affirmed, and cause remanded for further proceedings.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for appellant.

Matthew E. O'Brien, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is a landlord and tenant proceeding, here on special appeal from a decision of the Supreme Court of the District of Columbia, holding appellee's affidavit of defense sufficient under rule 19 to present an issue of fact to be tried by a jury.

The case reached the Supreme Court from the municipal court in the usual way. In the affidavit of merit the landlord, Lee, set out the purchase of the premises in question for her own use and occupancy as a home. The tenant, Burwell, denied that Lee is a bona fide purchaser, and charged that the latter is a co-conspirator with one McDonald, the former owner, to aid him in securing possession of the property. She

---

also averred that she rented the property from the United States Housing Corporation for a period to terminate 90 days after the proclamation of peace with Germany, and that she still holds under said lease and has received no notice from the Housing Corporation to vacate.

This, we think, if shown to be true, constituted a sufficient defense to justify the submission of the case to a jury, and the court was right in denying appellant's motion for judgment.

The judgment is affirmed, with costs, and the cause remanded for further proceedings.

Affirmed and remanded.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.